IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                        NO. 12-50008-13

EBERARDO CORIA-HERNANDEZ                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is a pro se motion submitted by Defendant, which has been docketed as a Motion to Appoint Counsel (Doc. 365.) In this motion, Defendant states that it "appears" the Court ran his sentence in the instant case consecutively to his sentence in Case No. 11-50109. Defendant requests that the Court appoint him counsel or "re-adjust my sentences to run concur[r]ently." (Id.)

**BACKGROUND**

Defendant pled guilty in Case No. 11-50109 to the offense of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). On May 2, 2012, Defendant was sentenced to 18 months imprisonment on this charge.

In the instant case, Defendant pled guilty to aiding and abetting in the offenses of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On November 30, 2012, he was sentenced on this charge to 121 months imprisonment. On December 30, 2014, an order was entered

-1-

reducing this sentence to 100 months pursuant to Amendment 782 to the Sentencing Guidelines. (Doc. 346.)

## DISCUSSION

Defendant has cited no authority which would allow this Court to "re-adjust" his sentences to run concurrently. To the extent Defendant is challenging the execution of his sentences and seeking relief under 28 U.S.C. § 2241, see Lueth v. Beach, 498 F.3d 795, 797 (8th Cir. 2007), this Court is without jurisdiction over this matter, as a § 2241 petition must be filed in either the district where the prisoner is confined (the Western District of Louisiana), in the United States District Court for the District of Columbia, or in any district in which the Bureau of Prisons maintains a regional office. See United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

In any event, there is no basis for granting Defendant the relief he is seeking. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. The undersigned has listened to the sentencing proceeding in the instant action, and there was no mention as to whether the sentence in this case was to run concurrently or consecutively to the previously imposed sentence in Case No. 11-50109. Likewise, the judgment in this case is silent on the

issue.  Thus, it appears that Defendant's sentences are being properly run as consecutive sentences.

## CONCLUSION

Based upon the foregoing, the undersigned recommends **DENYING** Defendant's motion **(Doc. 365)** to appoint counsel or re-adjust his sentences.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of August, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)